IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT W. WILLIAMS,

Petitioner,

v.

Case No. 3:26-CV-257-NJR

WARDEN WADAS,

Respondent.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Robert W. Williams. (Doc. 1). Williams is serving a 125-month sentence, *id.* at 3, after having pled guilty in 2021 to seven counts of bank fraud in violation of 18 U.S.C. § 1344. Memorandum and Order at 1–2, *Williams v. United States*, 23-cv-00276 (E.D. Mo. Aug. 6, 2025). He did not file a direct appeal. *Id.* at 4. Williams later moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Memorandum and Order, *Williams*, 23-cv-00276. The Eastern District of Missouri denied his motion. *Id.*

Williams is currently incarcerated at Federal Correctional Institution—Marion, which is within the Southern District of Illinois. (Doc. 1, at 1). In his § 2241 Petition, Williams asserts that his conviction and sentence are void for lack of subject-matter jurisdiction, which would render his custody unconstitutional. *Id.* at 2–3, 7, 9–11.

The Petition is now before the Court for preliminary review under Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4

Page 1 of 5

provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) authorizes the Court to apply this rule to cases filed under § 2241.

An inmate may bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 to challenge the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012). Petitions under § 2241 may not be used to raise claims of legal error in conviction or sentencing; they may only challenge the execution of a sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is usually limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court that sentenced him. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). If the inmate is claiming his sentence was imposed in violation of the Constitution or laws of the United States, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack, he must file a motion under 28 U.S.C. § 2255. *Franklin v. Keyes*, 30 F.4th 634, 638 (7th Cir. 2022); *see also Jones v. Hendrix*, 599 U.S. 465, 469 (2023) ("Since 1948, Congress has provided that a federal prisoner who collaterally attacks his sentence ordinarily must proceed by a motion in the sentencing court under § 2255, rather than by a petition for a writ of habeas corpus under § 2241.").

Here, Williams's collateral challenge falls squarely within the purview of § 2255. He contests the fact of his conviction and sentence as void *ab initio*, having been imposed

by a district court without Article III jurisdiction to hear the proceeding. A § 2241 petition, therefore, is not the appropriate vehicle for his challenge.

Williams attempts to evade this conclusion by invoking § 2255(e)'s "saving clause."[1] (Doc. 1, at 2, 13). He asserts that he should be permitted to bring this petition under § 2241 because "§ 2255 has been inadequate and ineffective to secure adjudication of jurisdiction." *Id.* at 13. He does not explain why § 2255 "has been" inadequate and ineffective, but one need not wonder: Williams already moved for relief under § 2255 in the Eastern District of Missouri. *See* Memorandum and Order, *Williams*, 23-cv-00276 (denying his motion). Consequently, he is barred from filing a second or successive § 2255 motion unless he satisfies a statutory exception. 28 U.S.C. § 2255(h) (setting forth the conditions under which second or successive § 2255 motions are permitted). This, presumably, is why Williams now seeks to challenge the fact of his conviction and sentence under § 2241 instead.

Unfortunately for Williams, this avenue for relief was foreclosed by the Supreme Court's decision in *Jones v. Hendrix*, 599 U.S. 465 (2023). Overruling contrary circuit precedent,[2] the *Jones* Court explained that the saving clause does not permit prisoners to get around the bar on second and successive § 2255 motions by bringing their claims under § 2241. *Id.* at 477–78. Instead, the § 2255 remedy is only "inadequate or ineffective"

---

[1] In § 2255, "Congress generally barred federal prisoners 'authorized to apply for relief by motion pursuant to' § 2255 from applying 'for a writ of habeas corpus' under § 2241." *Jones v. Hendrix*, 599 U.S. 465, 474 (2023) (quoting 28 U.S.C. § 2255(e)). But the saving clause provides an exception: "Congress preserved the [§ 2241] remedy in cases where 'the remedy by [§ 2255] motion is *inadequate or ineffective* to test the legality'" of a given prisoner's detention. *Id.* (emphasis added) (quoting 28 U.S.C. § 2255(e)).

[2] Including a decision by the Seventh Circuit, *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), which Williams cites to support his assertions (Doc. 1, at 2, 13).

(and thus the saving clause only applies) when "it is impossible or impracticable for a prisoner to seek relief from the sentencing court." *Id.* at 474. In fact, the saving clause may only apply where the sentencing court no longer exists.[3] *Id.* at 474–75. Writing for the Court, Justice Thomas put it simply: "The inability of a prisoner" to meet the requirements for bringing a second or successive § 2255 motion "does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case." *Id.* at 480.

Williams is not entitled to relief under § 2241 because the saving clause does not apply to him. He cannot show that a motion under § 2255 is inadequate or ineffective. Because Williams challenges the fact of his conviction rather than the execution of his sentence, § 2241 is not the proper vehicle for his petition.

---

[3] In addition to the situation where the court that sentenced a prisoner simply no longer exists when it comes time to file a § 2255 motion, the Court speculated that "[t]he saving clause might also apply when 'it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons.'" *Jones v. Hendrix*, 599 U.S. 465, 474–75 (2023) (quoting *United States v. Hayman*, 342 U.S. 205, 215 n.23 (1952)). But it is unclear whether this application of the saving clause could still occur today:

> It bears mentioning that § 2255 was enacted eight years before President Eisenhower signed legislation funding the Interstate Highway System. At that time, it would not be surprising if removing a prisoner from the penitentiary, transporting him to the sentencing court for a hearing, and taking him back to prison again sometimes posed difficulties daunting enough to make a § 2255 proceeding practically unavailable. *Cf. Stidham v. Swope*, 82 F. Supp. 931, 932–933 (N.D. Cal. 1949) (describing the difficulty and delay involved in transporting a prisoner "upwards of 1,500 miles" from the federal penitentiary in Alcatraz to the sentencing court in Missouri, a journey that "well could be two weeks" by rail). That this sort of practical inadequacy would be highly unusual today should not blind us to the world in which Congress was legislating when it enacted the saving clause.

*Id.* at 475 n.2 (cleaned up). In other words, it is genuinely possible that, in today's world, a § 2255 motion would only ever be "inadequate or ineffective" if the federal court that sentenced a prisoner were dissolved by Congress. Williams was sentenced by the Eastern District of Missouri, which (when last this Court checked) Congress has yet to dissolve. *See Daily Docket*, U.S. DIST. CT. E.D. MO. (Mar. 19, 2026, at 12:58 CT), https://www.moed.uscourts.gov/docket/.

CONCLUSION

It plainly appears that Petitioner Robert W. Williams is not entitled to relief in this district court; therefore, his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice**.

If Williams wishes to appeal this Order, he must file a notice of appeal with this Court within **60 days** of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). If he chooses to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). If he files a motion for leave to appeal *in forma pauperis*, he must include in his motion a description of the issues he intends to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).

It is not necessary for Williams to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk's Office is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**

**DATED:   March 20, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**